222     APPELLATE COURTS OF ILLINOIS.

Rowley v. E. H. Erickson Artificial L. Co., 178 Ill. App. 222.

## J. F. Rowley, Appellee, v. E. H. Erickson Artificial Limb Company, Appellant.

### Gen. No. 17,036.

VERDICT—*what informality harmless.* Where a case is dismissed as to one of two joint plaintiffs, an objection that a verdict for plaintiff is defective which refers to "plaintiffs damages" is hypercritical, since the omission of the apostrophe is merely an informality and is harmless, especially where defendant did not suggest that the jury be instructed as to the dismissal.

Appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed March 13, 1913.

RALPH F. POTTER, for appellant; AXEL A. EBERHART, of counsel.

CHARLES M. FOELL, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

The appellee, J. F. Rowley, hereinafter called plaintiff, obtained a judgment against the E. H. Erickson Artificial Limb Company, hereinafter called defendant, for malicious libel, which we are asked to reverse.

It is conceded by counsel for defendant that its president, E. H. Erickson, did certain things designed to injure plaintiff's business, amounting to malicious libel, but the contention is that such acts were not the acts of the defendant company, and hence it cannot be made to answer in damages. Plaintiff and defendant were both manufacturers of artificial limbs and competitors in the business, the former having his plant in Chicago, the latter in Minneapolis, Minnesota. In January, 1904, an agent of the defendant in Meadville, Pennsylvania, by the name of Young, received a box containing five or ten thousand circulars libeling plaintiff's business. With the shipment were a letter and

a mailing list, with instructions to Young to mail the circulars to the persons named in the list. This was done, either directly or indirectly, through Young. He testified that the letter of instructions was sent by the defendant company; that a check sent at the same time to pay for the stamps for mailing was signed by the defendant company, and that other communications and instructions touching the distribution of the libelous matter were signed by the defendant company. E. H. Erickson was the president and general manager of the defendant. The artificial legs made and sold by it were invented and patented by him, and he seems to have been the responsible head of everything in connection with the business. Defendant's argument is that what was done concerning the libelous circulars was not done in promoting the company's business, and therefore not within the scope of the duties of the president and general manager, Erickson. We do not agree with this contention. The libelous matter was an attack on the business of the plaintiff in making and selling artificial limbs; it was obviously designed and intended to injure and lessen the trade of a competitor and, if successful, would result in advantage to the defendant company. Erickson's acts were performed within his duties to increase the business of his company over that of its rival. There was abundant evidence to justify the jury in finding the defendant guilty.

Complaint is made of the refusal by the court to give certain instructions tendered on behalf of the defendant. An examination of these instructions leads to the conclusion that they were properly refused. The first refused instruction omits entirely the element of liability resulting from the act of an agent acting within the scope of his general authority; while the other refused instruction, touching the witnesses testifying, was improper in that it singled out one class of witnesses only, and omitted vital elements which the jury should take into consideration in passing on the weight

of the evidence; and it also was improper in its attempt to tell the jury how the "effect" of testimony was to be judged.

The suit was originally commenced by J. F. Rowley individually, and the J. F. Rowley Company, a corporation. At the conclusion of the plaintiff's case the suit was dismissed as to the J. F. Rowley Company, and it is urged that the form of the verdict is defective because it refers to the "plaintiffs damages." We think this objection is hypercritical. At the time the verdict was returned there was but one plaintiff in the case, J. F. Rowley. The omission of the apostrophe amounts merely to an informality and is harmless. Plaintiff was entitled, under the statute, to dismiss one of the joint plaintiffs, and defendant did not suggest that the jury be instructed as to this dismissal.

As we find no error in the record, and holding that the verdict was fully justified by the evidence, the judgment will be affirmed.

*Affirmed.*